IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALIE YAMMINE and WALLY YAMMINE, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:19-cv-138-K-BN |
| PNC BANK NATIONAL ASSOCIATION and SELECT PORTFOLIO SERVICING, INC., | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This action filed by two plaintiffs now proceeding *pro se* and removed from the 168th Judicial District Court of Dallas County on January 17, 2019, *see* Dkt. No. 1, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

On January 24, 2019, Defendants PNC Bank, N.A. and Select Portfolio Servicing, Inc. moved to dismiss Plaintiffs Natalie Yammine and Wally Yammine's claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 6, 7, & 8. But, because Defendants filed their Rule 12(b)(6) motion after filing a state court answer, *see* Dkt. No. 1-1 at 20-22; Dkt. No. 1-4 at 2, the Court will "treat the motion as a motion for judgment on the pleadings under [Federal Rule of Civil Procedure] 12(c)," *Obazee v. Bank of N.Y. Mellon*, No. 3:15-cv-1082-D, 2015 WL 4602971, at *1 (N.D. Tex. July

31, 2015) (citing FED. R. CIV. P. 12(b) ("A motion asserting [failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed."); collecting cases); *see also Fisher v. Dallas Cnty.*, No. 3:12-cv-3604-D, 2014 WL 4797006, at *8 (N.D. Tex. Sept. 26, 2014) ("[T]he intent of [Federal Rules of Civil Procedure 12(g)(2) and (h)(2)] is to make clear that a party can raise by Rule 12(c) motion the defense of failure to state a claim on which relief can be granted.").

On February 22, 2019, the Yammines filed a *pro se* motion to remand, requesting that the Court "return [this] case [to state court because] citations were not served [as] yet." Dkt. No. 12 (further requesting that the Court strike Defendants' answers and motions, and informing the Court that their "Attorney had emergency medical conditions").

On March 7, 2019, the Court abated the then-pending deadlines in this action and ordered Jerome Stein, Esq., retained counsel for the Yammines, to file by April 8, 2019 either a status report to the Court or a motion to withdraw as counsel for the plaintiffs. *See* Dkt. No. 17; *see also* Dkt. No. 18 (order canceling March 20 pretrial scheduling conference). Mr. Stein failed to file either by April 8. But, on April 3, the Court imposed reciprocal discipline on Mr. Stein, suspending him from practicing in the Northern District of Texas from April 1, 2019 to September 30, 2020. *See In re Jerome N. Stein*, No. 3:19-mc-17-B (N.D. Tex.).

Recognizing that Mr. Stein's suspension effectively left the Yammines proceeding *pro se*, the Court set this matter for a telephonic status conference, directing counsel for Defendants to provide a dial-in number, to be emailed to the

Court and provided to the Yammines. *See* Dkt. No. 25. The Court conducted the status conference on May 10, 2019, but only with counsel for Defendants, who represented to the Court that they provided the dial-in number to the Yammines through regular and certified mail and that the certified mail was refused. *See* Dkt. No. 26.

The Court then reset the response and reply deadlines as to the pending motions. *See* Dkt. No. 27. Defendants filed a response to the motion to remand and a reply in support of their motion for judgment on the pleadings. *See* Dkt. Nos. 28 & 34. And the Yammines filed a response to the motion for judgment on the pleadings and a reply in support of their motion to remand. *See* Dkt. Nos. 32 & 33.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion to remand, grant the motion for judgment on the pleadings, and dismiss the Yammines' claims without prejudice to Ms. Yammine's filing, within a reasonable time to be set by the Court, an amended complaint limited to her claims for fraudulent misrepresentation and negligent misrepresentation.

## Legal Standards and Analysis

I.   <u>Motion to Remand</u>

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*,

477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Defendants removed this action under both Sections 1331 and 1332. *See* Dkt. No. 1 at 2-4. But the Yammines' basis for remand does not rest on jurisdiction. Instead they contend – through a motion filed more than 30 days after the 28 U.S.C. § 1446 notice of removal was filed – that remand is appropriate because state-court "citations were not served [as] yet." Dkt. No. 12.

First, this basis for remand, not based on the Court's subject matter jurisdiction, is untimely. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). But, even if the motion to remand was timely, it would nevertheless fail.

> Generally, service of process is not an absolute prerequisite to removal. Section 1446(b) expressly provides for removal of a civil action or proceeding within thirty days after the receipt by the defendant, "through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable." We read § 1446(b) and its "through service or otherwise" language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served. Indeed, 28 U.S.C. § 1448, which provides that service may be completed in district court for any removed case from state court in which any one

> or more of the defendants was not served with process or in which the service was not perfected prior to removal, reinforces a less demanding view of the service "requirement" prior to removal. And under Texas law, an action has commenced when a petition is filed. *See* TEX. R. CIV. P. 22.

*Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (footnote omitted); *see also Perez v. ZTE (USA), Inc.*, No. 3:18-cv-2948-B, 2019 WL 1429654, at *2 (N.D. Tex. Mar. 29, 2019) (concluding "that *Delgado* applies even outside the context of the [Foreign Sovereign Immunities Act]": "The Fifth Circuit went on to bolster its reasoning by interpreting § 1441(d), a section that pertains specifically to actions against foreign states and 'does not differentiate between parties who have been served and those who have not.' But even though the Fifth Circuit cited § 1441(d), it does not appear that the Fifth Circuit was trying to limit its holding to just removal by foreign-state defendants. Indeed, that entire section of the opinion appears to apply broadly. For example, the Fifth Circuit made a point to clarify that its interpretation of when an action has commenced applies equally to initial petitions as well as third-party petitions." (citations omitted)).

The Court should therefore deny the motion to remand.

II.     Motion for Judgment on the Pleadings

    **A.**     **Legal Standards**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

> Although there is no specific language in Rules 7 or 12 of the Federal Rules of Civil Procedure that states when the pleadings close, the

> following is accepted by numerous federal courts as to when the pleadings close:
>
>> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

*Davis v. Nissan Motor Acceptance Corp.*, No. 3:09-cv-869-L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009) (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 at 213 (2004)).

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). Such a motion is therefore "specifically designed to facilitate" an inquiry into "the interpretation and construction of the [law]" where "[t]he facts of the instant case are not in dispute." *Hebert Abstract*, 914 F.2d at 76 (citation omitted)).

The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *accord Gentilello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010). Under Rule 12(b)(6), the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir.

2007); *accord Fu v. Reno*, No. 3:99-cv-981-L, 2000 WL 1644490, at *5 (N.D. Tex. Nov. 1, 2000) ("The court reviews motions for judgment on the pleadings solely on the basis of the allegations in the pleadings and accepts all allegations as true." (citing *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991))).

To state a claim on which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and

conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Instead, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even

-8-

more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted); *see, e.g., Nguyen v. Bank of Am., N.A.*, 728 F. App'x 387, 387-88 & n.1 (5th Cir. 2018) (per curiam) (examples of documents that may be noticed applicable to suits involving real property), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

While the United States Court of Appeals for "the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it

into the complaint." *Id.*

### B. Mr. Yammine

Defendants argue that Mr. Yammine's claims are barred by res judicata (or claim preclusion) and collateral estoppel (or issue preclusion). *See* Dkt. No. 7 at 11-15.

"[W]hile res judicata is generally an affirmative defense to be pleaded in a defendant's answer[,] there are times when it may be raised on a [pre-answer] motion," such as "when 'the facts are admitted or not controverted or are conclusively established.'" *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (per curiam) (quoting *Clifton v. Warnaco, Inc.*, 53 F.3d 1280, 1995 WL 295863, at *6 n.13 (5th Cir. 1995) (per curiam); citation omitted); *accord Priester v. Long Beach Mortg. Co.*, No. 4:16-CV-00449-ALM-CAN, 2017 WL 3671378, at *5 (E.D. Tex. Feb. 3, 2017) (collecting cases), *rec. adopted*, 2017 WL 835074 (E.D. Tex. Mar. 3, 2017).

For example, "[w]hen all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Meyers*, 540 F. App'x at 410 (quoting *Clifton*, 1995 WL 295863, at *6 n.13); *see also McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (a court may dismiss an action "sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court" (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

In *Yammine v. PNC Bank, Nat'l Ass'n*, No. 3:17-cv-1130-C-BN, 2018 WL 376846 (N.D. Tex. July 6, 2018), *rec. adopted*, 2018 WL 3756945 (N.D. Tex. Aug. 8, 2018)

("*Yammine I*"), Mr. Yammine attempted to prevent foreclosure of the same property, alleging (1) a claim of wrongful foreclosure; (2) that he "has a right to modification under the FHA-Home Affordable Modification Program (FHA-HAMP)" and that Defendants "refused to offer Plaintiff trial payment plan as required by the HAMP Act"; and (3) that "[a]llowing foreclosure at this time may be a violation of the Americans with Disabilities Act," 2018 WL 376846 at *1. The Court granted Defendants' motion for judgment on the pleadings, dismissing Mr. Yammine's claims with prejudice. *See generally id.*

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

The first three conditions are easily met here – as between *Yammine I* and this action, at least as to Mr. Yammine, the parties are identical, and this district court entered a final judgment dismissing the prior case with prejudice based on deficiencies

-11-

in the pleadings.

As to the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at \*6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004))); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True *res judicata* bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at \*3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

This element is also easily met. All claims that Mr. Yammine now asserts – if not identical to the claims asserted in *Yammine I* – emanate from foreclosure proceedings concerning the same property and existed at the time the first suit was filed.

For these reasons, the Court should grant Defendants' motion for judgement on the pleadings as to the claims asserted by Mr. Yammine and dismiss his claims with prejudice.

### C.     Ms. Yammine

As Ms. Yammine was not a party in *Yammine I*, the Court should address her claims by beginning with the two claims asserted here that were also asserted in the first action – violation of HAMP and violation of the ADA. *See* Dkt. No. 1-1 at 9.

First, "[t]he clear weight of authority among district courts in the Fifth Circuit counsels that HAMP fails to afford borrowers a private right of action," which therefore precludes plaintiffs, like Ms. Yammine, "from obtaining any recovery from [a mortgagor] based on its alleged failure to comply with HAMP in evaluating their requests for loan modification." *Howard v. CitiMortgage, Inc.*, No. 1:13cv543-KS-MTP, 2014 WL 6802550, at *4 (S.D. Miss. Dec. 2, 2014) (collecting cases). She also "fails to state a claim against [D]efendants under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* The ADA prohibits discrimination on the basis of physical or mental disability by public or private employers, *see generally* [42 U.S.C.] § 12112; entities who administer public service benefits or programs, *see generally* [42 U.S.C.] § 12132; and entities who own, lease, or operate places of public accommodation, *see generally* [42 U.S.C.] § 12182, none of which applies here." *Saragusa v. Countrywide*, Civ. A. No. 14-2717, 2016 WL 1059004, at *6 (E.D. La. Mar. 17, 2016), *aff'd*, 707 F. App'x 797 (5th Cir. 2017) ("[f]inding no error" in "the dismissal of various claims arising out of a home mortgage loan and the denial of [a] Rule 60(b) motion for relief

from judgment").

Turning to Ms. Yammine's fraudulent misrepresentation and negligent misrepresentation causes of action, *see* Dkt. No. 1-1 at 8-9, the operative complaint fails to explain which representations made by Defendants qualify as either fraudulent or negligent, and so "[t]he factual allegations underlying [Ms. Yammine's] negligent misrepresentation and fraud claims are the same. [Federal Rule of Civil Procedure] 9(b)'s heightened pleading requirements therefore apply to the negligent misrepresentation claim." *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 586 (N.D. Tex. 2013) (citing *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) ("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims." (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997))); citations omitted). And, "for both claims, [she] must specify the 'who, what, when, where, and how' of the alleged fraud and misrepresentation." *Carey v. Wells Fargo, N.A.*, Civ. A. No. H-15-1666, 2016 WL 4246997, at *2 (S.D. Tex. Aug. 11, 2016) (citations omitted).

Ms. Yammine has failed to do so. She "does not supply any supportive facts to explain the representation made, when it was made, or that [s]he acted in reasonable reliance on any such misrepresentation. [Her] fraud claims are therefore insufficient under Rule 9(b) and, for that matter, Rule 8(a) as interpreted by *Iqbal* and *Twombly*." *Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-cv-1153-M, 2014 WL 4414809, at *6-*7 (N.D. Tex. Sept. 5, 2014) (citing *Iqbal*, 556 U.S. at 678, 681).

These claims should therefore be dismissed. But this dismissal should be without prejudice to her "replead[ing] these claims with more particularity because [s]he has not previously amended [her] pleadings. Moreover, because this case was removed from state court, Texas's 'fair notice' pleading standard rather than the stricter federal standard applies." *Flowers v. Deutsche Bank Nat'l Tr. Co.*, No. 3:12-cv-3890-L, 2013 WL 5021025, at *3 (N.D. Tex. Sept. 12, 2013) (citations omitted).

Finally, to the extent that Ms. Yammine seeks declaratory or injunctive relief, a declaratory judgment and an injunction "are forms of relief based on underlying claims." *Taylor v. Chase Home Fin., N.A.*, No. 3:13-cv-4793-M-BN, 2014 WL 1494061, at *4 (N.D. Tex. Apr. 15, 2014) (citing *Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170-71 (5th Cir.1990) (declaratory judgment); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief)). And, "[b]ecause the undersigned has determined that none of [Ms. Yammine's] claims can withstand dismissal at this time, [her] requests for declaratory and injunctive relief cannot survive." *Id.*

## Recommendation

The Court should deny Plaintiffs Natalie Yammine and Wally Yammine's motion to remand [Dkt. No. 12] and their related motion for a hearing [Dkt. No. 19] and grant Defendants PNC Bank, N.A. and Select Portfolio Servicing, Inc.'s construed motion for judgment on the pleadings [Dkt. No. 6], dismissing all claims with prejudice except Ms. Yammine's claims for fraudulent misrepresentation and negligent misrepresentation, which she should be allowed to replead through an amended

complaint to be filed within a reasonable time to be set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 19, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE